GLENN T. HONDA, # 6046
*glenn@recoverylawcenterhawaii.com*
Palm Wave Building
1260 Young Street, Suite 228
Honolulu, Hawai'i 96814
Tel. No. (808) 597-8886
Fax. No. (808) 597-8881

Attorney for Plaintiff
PETER EVANS

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2019 MAY 16 PM 1: 42

_____
N. MIYATA
CLERK

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI'I

PETER EVANS,

Plaintiff,

vs.

SAFEWAY, INC.;
JOHN DOES 1-10; JANE DOES 1-10;
DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; and
DOE GOVERNMENT ENTITIES 1-10,

Defendants.

CIVIL NO. **19 - 1 - 0 7 8 0 - 0 5   DEO**
(Non-Vehicle Tort)

COMPLAINT; SUMMONS

## COMPLAINT

Comes now Plaintiff PETER EVANS above named, by and through his attorney,

Glenn T. Honda, and for causes of action against Defendants, alleges and avers as follows:

1.      At all times material to this Complaint, Plaintiff PETER EVANS

("Plaintiff" or "MR. EVANS"), is and was a resident of the State of Hawai'i.

2.      At all times material to this Complaint, Defendant SAFEWAY, INC.

("Defendant" or "SAFEWAY") is and was a foreign for-profit corporation doing business in the

State of Hawai'i.

I do hereby certify that this is a full, true and
correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

EXHIBIT "A"

3.      All events material to this Complaint occurred within the City and County of Honolulu, and within the jurisdiction of the Circuit Court of the First Circuit, State of Hawai'i.

4.      Plaintiff reviewed records of the Department of Commerce and Consumer Affairs in order to ascertain the true and full names and identities of all Defendants in this action, but has no further knowledge or information regarding the parties responsible and is unable to ascertain the identity of the Defendants in this action designated as JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10 and DOE GOVERNMENT ENTITIES 1-10 (hereinafter collectively referred to as "Doe Defendants"); said Defendants are sued hereunder under fictitious names for the reason that their true names and identities are unknown to Plaintiff except that they may be connected in some manner with Defendants and may be agents, servants, employees, employers, representatives, co-venturers, associates, or independent contractors of Defendants and/or were in some manner presently unknown to Plaintiff engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to Plaintiff and their "true names, identities, capacities, activities, and/or responsibilities" are presently unknown to Plaintiff or his attorneys.

5.      On or about May 17, 2017, MR. EVANS was a customer at the SAFEWAY located at 888 Kapahulu Avenue, Honolulu, Hawai'i (the "Supermarket").

6.      On or about May 17, 2017, the Supermarket was under the control and/or in the possession of Defendant SAFEWAY, INC.

7.      As a possessor of land, Defendant SAFEWAY, INC. owes a duty of care to all persons which it should reasonably anticipate to be on its premises, such that said persons are not exposed to an unreasonable risk of harm.

2

8.    On or about May 17, 2017, MR. EVANS was a person whom SAFEWAY, INC. reasonably should have expected to be on its premises.

9.    On or about May 17, 2017, Defendant SAFEWAY, INC. breached its duty of care, by failing to properly design, clean, furnish, construct and/or maintain the walking surfaces and/or walking areas in the Supermarket, such that it thereby allowed said walking areas to pose an unreasonable risk of harm to the customers, including MR. EVANS.

10.    Defendant SAFEWAY, INC. breached of its duty of care, as set forth herein, constituted negligence.

11.    As a result of Defendant SAFEWAY, INC.'s negligence, MR. EVANS slipped and fell and was thereby injured while walking towards the cashier.

12.    As a direct and proximate cause of the negligence of Defendant SAFEWAY, INC.'s and/or one or more of the DOE DEFENDANTS, jointly and/or severally, MR. EVANS suffered bodily injury, pain and suffering, emotional distress, past and future loss wages, medical and/or rehabilitative expenses and/or special damages and amounts to be proven at trial.

WHEREFORE, Plaintiff herein demands judgment against Defendants as follows:

I.    General in amounts to be proven at the time of trial;

II.    Special damages in amounts which will be proved at trial;

III.    Attorney's fees, costs of suit, pre-judgment interest from the date of the accident, and such other and further relief as this Court deems just and proper.

DATED: Honolulu, Hawai'i, _____ MAY 15 2019 ___.

_____
GLENN T. HONDA
Attorney for Plaintiff
PETER EVANS

3

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

PETER EVANS,

Plaintiff,

vs.

SAFEWAY, INC., ·
JOHN DOES 1-10; JANE DOES 1-10;
DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; and
DOE GOVERNMENT ENTITIES 1-10,

Defendants.

CIVIL NO.___19- 1- 0 7 8 0 - 0 5
(Non-Vehicle Tort)

SUMMONS

## SUMMONS

To the above-named Defendant(s):

You are hereby summoned and required to file with the court and serve upon Plaintiff's attorney, GLENN T. HONDA, whose address is 1260 Young Street, Honolulu, Hawai'i, 96814, and answer to the Complaint which is attached, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawai'i,_____ MAY 1 6 2019 _____.

N. MIYATA

_____
Clerk of the Above-Entitled Court